IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 10-CV-01904-PAB-KLM

LESLIE HOLLAND,

                Plaintiff,

v.

WESTERN REGIONAL EMS COUNCIL, INC.; ST. MARY'S HOSPITAL AND MEDICAL CENTER, INC., dba ST. MARY'S HOSPITAL; and ROB FIEDLER,

                Defendants.

## STIPULATED PROTECTIVE ORDER

Upon consideration of the parties' Stipulated Protective Order concerning certain confidential information and documents to be disclosed during discovery, and it appearing to the Court that sufficient cause exists for the issuance of such Order, IT IS ORDERED as follows:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and meets the requirements set forth in 5 U.S.C. § 552(b)(4) and (b)(6), such as St. Mary's insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in this action, or to indemnify or reimburse for payments made to satisfy a judgement, and any WRETAC meeting minutes or other documents, which may contain third-party health or financial information.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed, solely for the purposes of this case, to: attorneys actively working on this case; persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case; the parties, including the designated representatives for Defendants; expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case; the Court and its employees ("Court Personnel"); stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; deponents, witnesses, or potential witnesses; at trial, or at any appeal or other court proceeding in this case; and to other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall advise the person to whom disclosure is made regarding the terms of this Protective

Order and provide such person with a copy of this Protective Order. For all such persons, counsel shall obtain from such person a written acknowledgement stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." In addition, W-2's are designated confidential. Defendant shall stamp as CONFIDENTIAL all financial and medical records obtained pursuant to releases provided by the Intervenor. CONFIDENTIAL information shall not be disclosed or used for any purpose except for the preparation and trial of this case.

7. Before any information is designated "CONFIDENTIAL," counsel of record for the designating party must first review the information and make a determination, in good faith, that the documents and/or information are confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c).

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion, within thirty (30) days after the time the notice is received, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. This Stipulated Protective Order shall not prohibit the use of CONFIDENTIAL material in depositions, pleadings, or motions, or at trial, or in post-trial motions or proceedings, provided that such uses are related to the prosecution or defense of this case. Notwithstanding that CONFIDENTIAL documents may be used, this Stipulated Protective Order does not waive any right of any party to file a motion under D.C.COLO.LCivR. 7.2 to seal all or a portion of papers and documents filed with the Court. In addition, the parties agree to comply with

D.C.COLO.LCivR. 7.3 regarding procedures for filing papers and documents under seal for any documents that are marked CONFIDENTIAL.

11. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof that have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents, provided however, that counsel for each party may retain copies of the CONFIDENTIAL documents for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the party that produced the documents. Where parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

12. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ORDERED this 17th day of December, 2010.

BY THE COURT:

_____

THE HONORABLE ~~PHILIP A. BRIMMER~~

Kristen L. Mix

**STIPULATED PROTECTIVE ORDER**

AGREED AND APPROVED:

| | |
|---|---|
| KARP NEU HANLON, P.C. | OVERTURF MCGATH HULL & DOHERTY, P.C. |
| | |
| s/ Sander N. Karp | s/January Barrett |
| Sander N. Karp, Esq., 1088 | Mark Overturf, Esq., 15188 |
| 201 14TH Street, Suite 200 | January Barrett, Esq., 37006 |
| 804 Colorado Avenue, 2ND Floor | 625 East 16TH Avenue |
| Glenwood Springs, CO 81601 | Denver, CO 80203 |
| Attorney for Plaintiff | Attorneys for Defendants WRETAC and Rob Fiedler |

BECHTEL & SANTO, LLP

s/ Michael C. Santo
Michael Santo, Esq., 24083
BECHTEL & SANTO, LLP
205 N. 4TH Street, Suite 300
Grand Junction, CO 81501
Attorney for Defendant St. Mary's Hospital